

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00002-CV

RUSSELL TEAGUE AND WIFE, KAREN TEAGUE, APPELLANTS

V.

GRAND AVENUE ESTATES, LLC AND JIM MCKENZIE, APPELLEES

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court No. 12,049, Honorable Steven R. Emmert, Presiding

May 8, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellants, Russell and Karen Teague, filed a notice of appeal of the trial court's September 16, 2013 Order Granting Grand Avenue Estates, LLC's Motion for Final Summary Judgment. We dismiss for want of prosecution and failure to comply with a directive of this Court.

After the Teagues filed their notice of appeal, the District Clerk filed a request for extension of time to file the clerk's record on the basis that the Teagues had not paid or

made arrangements to pay for preparation of the clerk's record. This motion was granted and, by letter dated January 8, 2014, this Court notified the Teagues that no payment or arrangements to pay for the clerk's record had been made. Further, this letter directed the Teagues to pay for or make arrangements to pay for preparation of the clerk's record, and to submit a status report regarding the appeal on or before February 13. The letter specifically notified the Teagues that failure to comply with the directive of the Court could result in dismissal of the appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b).

On February 4, the Teagues filed a motion to abate this appeal. While the motion to abate was being considered by the Court, the District Clerk again filed a request for extension of time to file the clerk's record on the basis that the Teagues had not paid or made arrangements to pay for preparation of the clerk's record. By letter dated March 18, this Court denied the Teagues' motion to abate and, again, notified them that no payment or arrangements to pay for the clerk's record had been made. This letter directed the Teagues to pay for or make arrangements to pay for preparation of the clerk's record, and to submit a status report regarding the appeal on or before April 4, or the appeal could be dismissed for want of prosecution. *See id.*

To date, the clerk's record has not been filed nor have the Teagues responded to either directive to ensure that the clerk's record is filed or to certify that the clerk's record has been paid for or that satisfactory arrangements have been made to pay for the clerk's record.

Because no clerk's record has been filed in this appeal due to the fault of the Teagues after they have been afforded a reasonable opportunity to comply with the requisites, we now dismiss this appeal for want of prosecution and for failure to comply with a directive of this Court. *See* TEX. R. APP. P. 37.3(c), 42.3(b), (c).


Mackey K. Hancock
Justice